UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                                   CRIMINAL NO. 16-20732

vs.

                                                 HON. ROBERT H. CLELAND

D-2   BRETT HARRIS,

      Defendant.

_____/

## SENTENCING MEMORANDUM OF THE UNITED STATES AS TO DEFENDANT BRETT HARRIS

The United States of America submits the following memorandum concerning the sentencing of defendant Brett Harris.

**I.   INTRODUCTION**

Defendant Harris' crime of accepting bribes in exchange for his vote on the Rizzo garbage contract was a serious betrayal of the trust of the residents of New Haven, Michigan. The crime stemmed from greed and an unwillingness to place the best interests of the people he represented ahead of his own. Harris' acceptance of a bribe was further compounded by his willingness to convince fellow New Haven Trustee and co-defendant Christopher Craigmiles also to take bribes. In the face of his serious criminal activity, Harris has readily accepted responsibility, shown remorse, and cooperated with the prosecution of other co-conspirators. Under these

circumstances, the government believes that a sentence of sixteen months would be a fair and just sentence for Harris.

## II. ARGUMENT

### A. The Nature, Circumstances, and Seriousness of Harris' Crime, Just Punishment (18 U.S.C. § 3553(a)(1)-(2))

At the time of his involvement in this criminal conspiracy, Harris was an elected Trustee of New Haven, Michigan. For many years, since 1994, Harris had held various positions in the village's government, including as the Village President. Harris was a fixture in the community. However, before being approached by co-defendant Dean Reynolds and an undercover FBI agent in this investigation, Harris had accepted some $3,000 in cash from co-defendant Charles B. Rizzo in connection with a landfill and other garbage-related issues that Rizzo's company had in New Haven years before. PSR ¶ 8. That is why law enforcement sought to approach Harris through Reynolds' unwitting assistance.

After being approached by Reynolds and the undercover agent, Harris readily accepted $2,000 in cash that he received at his first meeting with the undercover in March 2016. Harris then accepted additional cash bribes of $2,000 and $5,000 during subsequent meetings with the undercover agent in April and May 2016.

As bad as Harris' bribe taking was, Harris made things worse. Harris told the undercover agent that fellow New Haven Trustee Christopher Craigmiles would also

be willing to take a bribe in exchange for his vote on a future garbage contract for the Rizzo company. Harris then arranged for the undercover to meet Craigmiles in Harris' house, where Craigmiles accepted a $5,000 cash bribe in Harris' presence. Harris later took an additional $2,000 cash bribe from the undercover Agent in August 2016. Harris' actions have scarred the government of New Haven, and they have undermined the faith and trust that the village residents have in their public officials. Harris' actions also have stained his prior public service for the village going back to 1994, raising questions about his true motivations for his past work.

### B. Deterring the Criminal Conduct of Others (18 U.S.C. § 3553(a)(2)(B))

The Court should impose a prison sentence on Harris in order to serve the important purpose of deterring future public officials in this district and beyond from engaging in similar misconduct. *See* 18 U.S.C. § 3553(a)(2)(B). General deterrence has its greatest impact in white-collar cases, like this one, because these crimes are committed in a more rational and calculated manner than sudden crimes of passion or opportunity. *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013). Given his position as an elected public official at the time of his criminal activity, Harris should be punished appropriately.

### C. Protecting the Public from Further Crimes by Harris (18 U.S.C. § 3553(a)(2)(C))

Through his acceptance of responsibility and active cooperation, Harris has demonstrated a recognition of the criminal nature of his actions. Given the way Harris has conducted himself since being approached by federal agents, it appears highly unlikely that Harris will seek to commit additional similar crimes in the future.

### D. The Defendant's Request for a Downward Departure

In his sentencing memorandum, Harris seeks a downward departure under Section 4A1.3(b)(1) based on a claim that his criminal history category of II substantially overstates the seriousness of his criminal history. Harris has six prior criminal convictions. All of them are related to drinking and driving, including two crimes for which he served jail sentences. Because of prior convictions, Harris was correctly assessed by the Probation Officer as having a category II criminal history. Given this background, it cannot accurately be said that category II "substantially" overstates the seriousness of his criminal history.

In Harris' favor, in terms of sentencing, is the fact that his most recent conviction was for conduct that occurred in 2007, over ten years ago. In addition, all of his prior criminal convictions stemmed from his alcoholism, and they were limited in scope to drinking and driving and did not include domestic violence or

other crimes commonly associated with substance abusers. In addition, after his disastrous conviction based on the 2007 incident, Harris turned his life around and reportedly has not had another drink since that time. These facts speak in favor of leniency for Harris, and they should be considered by the Court in fashioning an appropriate sentence.

That being said, the government disagrees that his criminal history category substantially overstates the seriousness of his past. Other defendants appearing before this Court with zero prior criminal convictions or even contacts with law enforcement rightfully are scored as criminal history category I. To give Harris a similar designation in the face of multiple prior convictions would not make sense and would ignore the differences between Harris and defendants with no criminal history. Instead, the Court can take the mitigating factors described above into account in deciding on a just sentence for him.

### III. CONCLUSION

Over the course of five months, Harris repeatedly took cash bribe payments totaling $11,000 in exchange for his vote as a Trustee on a future garbage contract. In addition, Harris helped corrupt another New Haven Trustee who accepted a $5,000 cash bribe in Harris' presence and at his urging. Harris' crimes were serious and need to be punished given his position as an elected public official. A sentence

not involving prison, as advocated by the defense, would not fulfill the goals of criminal sentencing in this case.

As set forth separately in more detail, Harris' sentence also should reflect his cooperation with the government in the prosecution of other individuals.

                                        MATTHEW SCHNEIDER
                                      United States Attorney

                                        s/David A. Gardey
                                        DAVID A. GARDEY
                                        R. MICHAEL BULLOTTA
                                        Assistant United States Attorneys
                                        211 W. Fort Street, Suite 2001
                                        Detroit, MI  48226
                                        Phone:  (313) 226-9591
                                        David.Gardey@usdoj.gov
                                        Michael.Bullotta@usdoj.gov

Dated: September 12, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

                Steven Fishman
                Attorney for Defendant

                              s/David A. Gardey
                              DAVID A. GARDEY
                              R. MICHAEL BULLOTTA
                              Assistant United States Attorneys
                              211 W. Fort Street, Suite 2001
                              Detroit, MI  48226
                              Phone:  (313) 226-9591
                              David.Gardey@usdoj.gov
                              Michael.Bullotta@usdoj.gov

Dated: September 12, 2018